J-A28027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAJOR GEORGE TILLERY | : | |
| | : | |
| Appellant | : | No. 3270 EDA 2016 |

Appeal from the PCRA Order September 26, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0305681-1984

BEFORE:  GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 11, 2018**

Major George Tillery[1] appeals from the order entered in the Philadelphia County Court of Common Pleas, denying his untimely third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Briefly, Appellant was convicted of first-degree murder, aggravated assault, possessing an instrument of crime, and two counts of criminal conspiracy following a jury trial in 1985. The court sentenced him to life imprisonment. This Court affirmed, and the Pennsylvania Supreme Court denied allowance of appeal.

---

[1] Appellant indicates his name is incorrectly listed on this appeal as "George M. Tillery." **See** Appellant's Brief, at 1. Previous court documents confirm Appellant has been referred to as "Major George Tillery" throughout associated proceedings. We have corrected the error.

Thereafter, Appellant filed his first PCRA petition, which was unsuccessful. In 2007, Appellant untimely filed his second PCRA petition. In it, he claimed a timeliness exception to the PCRA based on newly discovered evidence. Appellant alleged two of the Commonwealth's witnesses at his trial, Emanuel Claitt and Robert Mickens, received previously undisclosed favorable plea deals in exchange for their false testimony. Appellant contended these plea deals, previously unknown to him, gave the witnesses motive to lie about Appellant's involvement in the murder. The PCRA court denied the petition as untimely, and this Court affirmed.

Appellant filed this petition, his third, on June 15, 2016. The PCRA court denied the petition without holding an evidentiary hearing. This appeal is now properly before us.

Appellant argues the PCRA court erred in dismissing his petition as untimely. We review an order dismissing a petition under the PCRA by examining whether the court's determination is supported by the evidence of record and is free of legal error. **See Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). We will not disturb the court's factual findings unless there is no support for them in the certified record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a court may decline to hold a hearing on a petition if it determines the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. **See Commonwealth v. Jordan**, 772 A.2d 1011, 1014 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, an exception to the timeliness requirement. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory "exceptions must be filed within sixty days of the date the claims could have been presented." **Hernandez**, 79 A.3d at 652 (citing 42 Pa.C.S.A. § 9545(b)(2)). Finally, exceptions to the PCRA's time bar must be pled in the petition. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007). **See also** Pa.R.A.P. 302(a).

Appellant's judgment of sentence became final on June 3, 1990, when his time for filing a writ of *certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13. Appellant filed this petition on June 15, 2016—more than 26 years after his judgment of sentence became final. It is, as he concedes, patently untimely. **See** Appellant's PCRA Petition, filed 6/15/16, at 5. Thus, the PCRA court lacked jurisdiction to review Appellant's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar.

Appellant attempts to plead both the governmental interference exception and the newly discovered facts exception. He proffers the same evidence for both claims: signed affidavits from two witnesses in his case, Emanuel Claitt and Robert Mickens. In their affidavits, the men aver they

received favorable plea deals and other favors from the Commonwealth in exchange for their testimony, and that they lied when asked about any potential plea deals during Appellant's trial. Claitt and Mickens also allege various police detectives and the Assistant District Attorney prosecuting Appellant's case repeatedly threatened them with criminal charges, which coerced them to provide testimony falsely incriminating Appellant.

To demonstrate the governmental interference exception, "the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (citation omitted). To claim the newly discovered facts exception, a petitioner must plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Brown*, 141 A.3d 491, 506 (Pa. Super. 2016) (citation omitted).

Appellant devotes much of his brief to disputing the PCRA court's dismissal of his petition, on the grounds that Appellant failed to prove he acted with due diligence. Appellant contends he had no way of knowing before he received these affidavits that the Commonwealth orchestrated a conspiracy to

keep him in jail, and requiring him to have investigated this matter in the 31 years between his trial and the filing of this PCRA petition placed an unreasonable burden on him. Appellant also argues the conditions of his incarceration prevented him from filing a PCRA petition sooner. Appellant chronicles his movements between various prisons, as well as stints in solitary confinement, as evidence that he was unable to file this petition at an earlier date.

The Pennsylvania Supreme Court previously evaluated the argument that prison conditions constitute a timeliness exception to the PCRA, and rejected it. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1095 (Pa. 2010) (holding inmate's failure to show restricted conditions of incarceration were illegal prevented him from obtaining timeliness relief under PCRA's governmental interference exception).

Also, Appellant's contention that he was unable to obtain this information sooner is belied by his second PCRA petition, filed in 2007. In it, Appellant accuses the Commonwealth of suborning perjury from Claitt and Mickens, and he provides various transcripts and letters as proof. While Appellant's 2007 petition lacks the signed affidavits from Claitt and Mickens attached to his current petition, he raises substantially the same arguments in each. The claims here merely expand on the arguments in the 2007 petition, and he offers only vague speculation that Claitt and Mickens would have been unwilling to provide such information before. We find such explanations unavailing.

Consequently, we find Appellant has failed to prove he acted with due diligence in discovering these allegedly new facts and governmental interference. Accordingly, we affirm the order dismissing his PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/11/18